UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

WESTPORT INSURANCE CORPORATION,

Plaintiff,

-against-

DAVIDOFF MALITO & HUTCHER LLP,
KEITH SERNICK, STACY CLARK, JUST
ASSETS NY I, JUST ASSETS NY 1 LLC,
WATER WORKS REALTY CORP., and
GARY MELIUS

Defendants.

-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 2 0 2009 ★

BROOKLYN OFFICE

C 09    1155

COMPLAINT

HURLEY, J.

WALL M.J

Plaintiff, Westport Insurance Corporation ("Westport"), hereby complains of Defendants, Davidoff Malito & Hutcher LLP ("DMH"), Keith Sernick ("Sernick"), Stacy Clark ("Clark"), Just Assets NY 1 and Just Assets NY 1 LLC (collectively "Just Assets"), Water Works Realty Corp. ("Water Works"), and Gary Melius ("Melius") as follows:

## Statement of Jurisdiction

1.      Westport is a corporation incorporated under Missouri law, and it has its principal place of business in Kansas.

2.      DMH is a limited liability partnership organized under New York law, and all partners who have an ownership interest in DMH are citizens of New York.

3.      Sernick is a citizen of Connecticut.

4.      Clark is a citizen of New York.

5.      Just Assets NY 1 is a general partnership, and all partners who have an ownership interest in Just Assets NY 1 are citizens of New York.

6.      Just Assets NY 1 LLC is a limited liability company organized under New York law, and all members who have an ownership interest in Just Assets NY 1 LLC are citizens of New York.

7.      Water Works is a corporation incorporated under New York law, and it has its principal place of business in New York.

8.      Melius is a citizen of New York.

9.      The matter in controversy herein exceeds $75,000, exclusive of interest and costs.

## Statement of Claim

**A.      DMH and Sernick's Issuance of Notices to Redeem and Arbor's Lawsuit.**

10.      In March 2004, Just Assets retained DMH, a law firm, and Sernick, an attorney who was either employed by or served as "of counsel" to DMH, to represent Just Assets' interests in connection with Just Assets' acquisition of tax deeds to real property located at 1 North Brookside Avenue in Freeport, New York.

11.      On March 9, 2004, DMH and Sernick prepared and sent notices to redeem concerning the property to all interested parties of record, including the owner of the property, Water Works, and two mortgage holders, Arbor Secured Financing, Inc. and Arbor Management, LLC (collectively "Arbor").

12.      At the time DMH and Sernick prepared and sent the notices, the Nassau County Treasurer had prescribed a form notice to redeem applicable to "CLASS THREE AND CLASS FOUR PROPERTIES," which contained the following language:

PLEASE BE ADVISED:

As the purchaser of a tax lien on the above-described property, it is required to notify all interested parties of public record prior to the expiration of the tax lien redemption period. This is your opportunity to take whatever steps you deem necessary to protect your individual interests in this property. The actual owner of this property should pay particular attention to this notification because the failure to act can result in either the commencement of a foreclosure action in court, or the Treasurer's issuance of a tax deed to the property described above. Anyone interested in protecting their property interest can do so by paying this tax lien before _____ which is the first day the tax lien buyer has the right to apply for a tax deed or begin a foreclosure action in court.

13.     The property that was the subject of the notices prepared and sent by DMH and Sernick fell within the category of "CLASS THREE AND CLASS FOUR PROPERTIES."

14.     DMH and Sernick, however, did not use the form notice to redeem that the Nassau County Treasurer had prescribed for "CLASS THREE AND CLASS FOUR PROPERTIES." Instead, DMH and Sernick used a different form notice to redeem, specifically, the form notice to redeem that the Nassau County Treasurer had prescribed for "CLASS ONE AND CLASS TWO RESIDENTIAL CONDOMINIUM UNITS," which contained the following language:

PLEASE BE ADVISED:

As the purchaser of a tax lien on the above-described property, it is required to notify all interested parties of public record prior to the expiration of the tax lien redemption period. This is your opportunity to take whatever steps you deem necessary to protect your individual interests in this property. The actual owner of this property should pay particular attention to this notification because the failure to act has serious consequences. Anyone interested in protecting their property interest can do so by paying this tax lien before _____ which is

the first day the tax lien buyer has the right to begin a foreclosure action in court.

15.   As a result, the notices to redeem prepared and sent by DMH and Sernick omitted the italicized portion of the following sentence, which is contained on the form notice to redeem that the Nassau County Treasurer had prescribed for "CLASS THREE AND CLASS FOR PROPERTIES": "The actual owner of this property should pay particular attention to the notification *because the failure to act can result in either the commencement of a foreclosure action in court, or the Treasurer's issuance of a tax deed to the property described below.*" Instead, the notices to redeem prepared and sent by DMH and Sernick stated as follows: "The actual owner of the property should pay particular attention to this notification *because the failure to act has serious consequences.*"

16.   The notices to redeem prepared and sent by DMH and Sernick also omitted reference to "the first day upon which the holder of the tax lien may elect to accept a deed of conveyance," as provided in the form notice to redeem prescribed by the Nassau County Treasurer for "CLASS THREE AND CLASS FOUR PROPERTIES."

17.   On June 18, 2004, DMH and Sernick prepared and filed applications with the Nassau County Treasurer's Office for tax deeds to the property.

18.   On July 8, 2004, the Nassau County Treasurer issued tax deeds to the property to Just Assets.

19.   On September 13, 2004, Arbor filed a complaint against Just Assets in the Supreme Court of New York, Nassau County, entitled *Arbor Secured Funding, Inc., et al. v. Just Assets NY 1, et al.*, Index No. 04-012550, alleging that Just Assets failed to provide

it with a proper notice to redeem before acquiring the tax deeds, and seeking to cancel and set aside the tax deeds.

20.     Water Works, which was named as a defendant in the lawsuit, filed cross claims against Just Assets advancing essentially the same claims made by Arbor with respect to the purportedly defective form of the notices.

**B.     Westport's Policy.**

21.     On or about October 6, 2005, DMH, through its authorized representatives, submitted an application for a Lawyers Professional Liability Insurance Policy from Westport. A duplicate of DMH's application is attached to this complaint as Plaintiff's Exhibit 1.

22.     On the application, DMH answered "NO" to the following question:

> Is the Applicant, its predecessor firms or <u>any</u> individual proposed for this insurance aware of any circumstance, act, error, omission or personal injury which <u>might be expected</u> to be the basis of a legal malpractice claim or suit that has <u>not</u> previously been reported to the firm's insurance carrier? If yes, please complete a Claim Information Supplement.                    ☐ Yes  ☒ No

23.     On November 1, 2005, Westport issued a Lawyers Professional Liability Insurance Policy to DMH, the "Named Insured." A duplicate of the policy is attached to this complaint as Plaintiff's Exhibit 2.

24.     The policy provided an effective policy period from November 1, 2005 to November 1, 2006.

25.     Section I.A. of the Policy states as follows:

The Company will pay on behalf of any INSURED those sums in excess of the deductible which any INSURED becomes legally obligated to pay as DAMAGES as a result of CLAIMS first made against any INSURED during the POLICY PERIOD, any continuous renewal of this policy, or during any Extended Reporting Period; when reported in accordance with Conditions I.A. of the policy. The CLAIM must arise by reason of an act, error, omission or PERSONAL INJURY occurring on or after the RETROACTIVE DATE, if any. Coverage shall apply to any such CLAIMS arising out of services rendered or which should have been rendered by any INSURED, and arising out of the conduct of the INSURED'S profession as a lawyer, or as a lawyer acting in the capacity of an Arbitrator, Mediator, Title Insurance Agent or Notary Public.

26.     In addition, section II.A. of the policy states as follows:

As respects such insurance as is afforded by this policy, the Company shall…have the right and duty to defend, including selection of counsel and arbitrators, in any INSURED'S name and on any INSURED'S behalf any CLAIM for DAMAGES against any INSURED, even if such CLAIM is groundless, false or fraudulent; and shall have the right to make such investigation, negotiation and settlement, subject to II.B. below, of any CLAIM as it deems expedient.

27.     As relevant to the above-quoted provisions, the policy contains the

following definitions:

"INSURED" WHENEVER USED IN THIS POLICY SHALL MEAN…any past or present partner, officer, director, shareholder, employee or of counsel of the NAMED INSURED, but only as respects professional services rendered on behalf of the NAMED INSURED.

"CLAIM" WHENEVER USED IN THIS POLICY SHALL MEAN…a demand made upon any INSURED for DAMAGES, including, but not limited to, service of suit or institution of arbitration proceedings against any INSURED.

"DAMAGES" WHENVER USED IN THIS POLICY SHALL MEAN…the compensatory portion of any judgment, award or settlement, provided always that DAMAGES shall not include…punitive or exemplary DAMAGES; or…sanctions, fees, fines or penalties imposed by law[.]

**"RETROACTIVE DATE" WHENVER USED IN THIS POLICY SHALL MEAN**...the date, if specified in the Declarations or in any endorsement attached hereto, on or after which any act, error, omission or PERSONAL INJURY must have occurred in order for CLAIMS arising therefrom to be covered under this policy. CLAIMS arising from any act, error, omission or PERSONAL INJURY occurring prior to this date are not covered by this policy.

28.     The  policy  also  contains  a  "LIMITATION  OF  INDIVIDUAL  PRIOR

ACTS" endorsement, which provides as follows:

> This policy does not apply to any CLAIM based upon, arising out of or attributable to, or directly or indirectly resulting from an act, error, omission  or  PERSONAL  INJURY  committed  by  the  following INSURED(S) prior to the corresponding RETROACTIVE DATE:

> .  .  .

> Keith Sernick        12/31/2003

29.     The policy also contains the following coverage exclusions:

This policy does not apply to:

A.     any CLAIM arising out of any dishonest, fraudulent or malicious acts, errors, omissions or deliberate misrepresentation committed by, at the direction of, or with the knowledge of any INSURED; however, the INSURED shall be reimbursed for all CLAIMS EXPENSES which would have been collectible under this policy in the event a final adjudication is made in a court of record that the INSURED did not commit such act;

B.     any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

.  .  .

E.     any CLAIM arising out of any INSURED'S activities as an officer, director, partner, manager or employee of any company, corporation, operation, organization or association other than the NAMED INSURED or PRIOR LAW FIRM;

. . .

G.    any CLAIM arising out of any INSURED'S capacity as a public official or an employee of a governmental body, subdivision or agency unless the INSURED is deemed to be such solely because the INSURED has rendered legal services to such governmental body and the remuneration for such legal services inures to the benefit of the NAMED INSURED;

. . .

M.    any CLAIM arising out of any criminal acts, errors or omissions.

**C.    Just Assets' Complaint.**

30.    On February 1, 2006, DMH sent a letter to its insurance broker, Rampart Brokerage, informing Rampart Brokerage that "Just Assets may have a claim" against DMH arising out of DMH and Sernick's issuance of the notices to redeem.

31.    Westport received DMH's letter from Rampart Brokerage on February 2, 2006.

32.    DMH's letter was the first notice that Westport received of any potential claim arising out of DMH and Sernick's issuance of the notices to redeem.

33.    On May 3, 2006, Just Assets filed a complaint against DMH and Sernick in the *Arbor Secured Funding* lawsuit. A duplicate of Just Assets' malpractice complaint is attached to this complaint as Exhibit 3.

34.    In its complaint, Just Assets asserted a claim of negligence against DMH and Sernick, alleging that they "failed to exercise the degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community by failing to prepare the [n]otices to [r]edeem the [p]roperty in compliance with the [Nassau County Administrative] Code."

35.    On May 4, 2006, DMH tendered Just Assets' malpractice complaint to Westport.

36.    After receiving Just Assets' malpractice complaint, Westport retained the law firm of Rivkin Radler LLP to defend DMH and Sernick against Just Assets' claim and, subject to DMH and Sernick's satisfaction of any applicable deductible under the policy, Westport has paid for DMH and Sernick's defense against Just Assets' claim.

## C.    Water Works and Melius's Complaints.

37.    On July 3, 2008, Water Works and Melius filed a complaint against DMH, Sernick, and Clark (a paralegal employed by DMH) in the Supreme Court of New York, Nassau County, entitled *Water Works Realty Corp., et al. v. Harrison J. Edwards IV, et al.*, Index No. 08-012310, alleging that DMH, Sernick, and Clark participated in a fraudulent "scheme to unlawfully deprive [Water Works and Melius] of their right, title, and interest in" the property. A duplicate of Water Works and Melius's complaint is attached to this complaint as Exhibit 4.

38.    More specifically, Water Works and Melius alleged, among other things, the following facts:

a.    From 2000 through 2003, Sernick, while employed by a consulting firm named Xspand, Inc., met with several other individuals to "plot the best way to get the [p]roperty" from Water Works and Melius.

b.    In October 2003, while still employed by Xspand, Inc., Sernick submitted fraudulent applications to Nassau County seeking to obtain an

assignment of the tax liens on the property from Nassau County to the Village of Freeport.

c.      After becoming employed by DMH on January 1, 2004, Sernick continued to scheme with his alleged co-conspirators to unlawfully deprive Water Works and Melius of the property.

d.      In March 2004, Sernick and Clark, whom DMH had hired to assist Sernick as a paralegal, prepared and issued to Water Works fraudulent notices to redeem the property that "purposefully left out required, critical language advising the property owner that if the taxes were not paid by a certain date, the owner of the tax liens could apply for a tax deed." Sernick and Clark allegedly prepared and issued these fraudulent notices to redeem "to mislead and deceive Water Works…into thinking that Just Assets, as purchaser of the tax liens, was not and could not apply for a tax deed."

e.      In June 2004, Sernick and Clark applied for a tax deed conveying the property to Just Assets, even though they knew that their application was based upon the fraudulent notices to redeem.

f.      In August 2004, despite knowing that Just Assets was required to commence a quite title action to obtain good and marketable title to the property, Sernick "maliciously, willfully, and intentionally refused to do so in order to prevent Water Works fro redeeming the taxes and getting its [p]roperty back."

39.      Based upon their participation in the alleged scheme, Water Works and Melius asserted causes of action against DMH, Sernick, and Clark for the following:

     a.      Unlawful eviction (RPAPL § 853), based upon Sernick's and Clark's alleged preparation and issuance of the fraudulent notices to redeem;

     b.      Slander of title, based upon Sernick's and Clark's alleged false statements to Nassau County that they had sent proper notices to redeem to Water Works concerning the property;

     c.      Fraud, and aiding-and-abetting fraud, based upon Sernick's and Clark's (i) "acting as a conduit between the County and the Village with regard to the entire scheme; (ii) "requesting an assignment of the County tax liens…by filing deceptive and misleading applications"; (iii) "participating in conference calls and meetings" with co-conspirators; (iv) "demanding that the Treasurers of the Village and County not permit redemption of the taxes by Water Works; (v) "preparing and filing deliberately altered and defective [n]otices to [r]edeem"; and (iv) "applying for tax deeds and then requesting expedited approval of the tax deeds."

     d.      Taking, based upon Sernick's and Clark's preparation and issuance of the fraudulent notices to redeem while "acting under color [of] State law and on behalf of the Village."

     e.      Violation of due process (42 U.S.C. § 1983), based upon Sernick's and Clark's "depriving [Water Works and Melius] of their property," and "failing to provide adequate notice…that [Water Works and Melius's] property could be conveyed upon application to the County Treasurer by tax deed," all while "acting under color of state law."

f.      Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961), based upon numerous predicate acts of mail and wire fraud to further the alleged scheme.

40.     On November 24, 2008, the defendants in the *Water Works* lawsuit removed Water Works and Melius's complaint to the United States District Court for the Eastern District of New York, *Water Works Realty Corp., et al. v. Harrison J. Edwards IV, et al.*, Case No. 2:08-cv-04754-LDW-ETB.

41.     On December 8, 2008, Water Works and Melius filed a second amended answer with cross-claims and counterclaims against DMH, Sernick, and Clark in the *Arbor Secured Funding* lawsuit, alleging facts substantially similar to those alleged by Water Works and Melius in the complaint they filed in the *Water Works* lawsuit. A duplicate of Water Works and Melius's second amended answer with cross-claims and counterclaims in the *Arbor Secured Funding* lawsuit is attached to this complaint as Exhibit 5.

42.     In their cross-claims and counterclaims, Water Works and Melius re-asserted the causes of action for fraud, aiding-and-abetting fraud, taking, and violation of due process that they previously pled against DMH, Sernick, and Clark in the complaint Water Works and Melius filed in the *Water Works* lawsuit.

43.     On December 18, 2008, the cross-claim and counterclaim defendants named in Water Works and Melius's second amended answer removed Water Works and Melius's cross-claims and counterclaims to the United States District Court for the

Eastern District of New York, *Water Works Realty Corp., et al. v. Harrison J. Edwards III, et al.*, Case No. 1:08-cv-00449-LDW-ETB.

## D.   The Coverage Dispute.

44.   Westport initiated this lawsuit to obtain a judgment declaring that it owes no obligation to defend or indemnify DMH, Sernick, or Clark against the claims made against them by Just Assets, Water Works, and Melius.

45.   Specifically, the claims are not covered under the policy for one or more of the following reasons:

a.   The claims are not covered under the policy because they do not arise out of professional services rendered by an insured in the insured's profession as a lawyer;

b.   The claims are not covered because they arise out of an act, error, omission or personal injury occurring before the applicable retroactive date;

c.   The claims are not covered because they seek recovery of punitive or exemplary damages, or sanctions, fees, fines, or penalties imposed by law.

d.   The claims are excluded from coverage under Exclusion A because they arise out of dishonest, fraudulent, or malicious acts, errors, omissions or deliberate misrepresentation committed by, at the direction of, or with the knowledge of an insured;

e.   The claims are excluded from coverage under Exclusion B of the policy because they arise out of an act, error, omission, or personal injury that occurred prior to the effective date of the policy, and an insured at the effective

- 13 -

date could have reasonably foreseen that such act, error, omission, or personal injury might be expected to be the basis of a claim or suit.

       f.     The claims are excluded from coverage under Exclusion E because they arise out of an insured's activities as an officer, director, partner, manager or employee of a company, corporation, operation, organization, or association other than DMH or a prior law firm;

       g.     The claims are excluded from coverage under Exclusion G because they arise out of an insured's capacity as a public official or an employee of a governmental body, subdivision or agency;

       h.     The claims are excluded from coverage under Exclusion M because they arise out of criminal acts, errors or omissions;

46.     An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to Westport's obligations, if any, under the policy to provide DMH, Sernick, and Clark with a defense or indemnity to the claims asserted against them by Just Assets, Water Works, and Melius.

## Demand for Judgment

WHEREFORE, Westport respectfully requests that the Court enter a judgment (i) declaring that Westport owes no obligation under the policy to provide DMH, Sernick, or Clark with a defense to the claims asserted against them by Just Assets, Water Works, and Melius; (ii) awarding Westport its costs incurred in this suit; and (iii) providing Westport such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
      March 16, 2009

Respectfully submitted,

_____

John H. Somoza (JS1801) (JHS1801)
MELITO & ADOLFSEN P.C.
233 Broadway
New York, NY 10279-0118
Telephone:  (212) 238-8900
Fax:  (212) 238-8999
E-mail: jhs@melitoadolfsen.com

-and-

Robert P. Conlon
Christopher A. Wadley
WALKER WILCOX MATOUSEK LLP
225 W. Washington St., Ste. 2400
Chicago, IL 60606
Telephone: (312) 244-6700
Fax: (312) 244-6800
E-mail: rconlon@wwmlawyers.com
        cwadley@wwmlawyers.com

Ex 1

OCT-10-2005(MON) 15:20     THE RANP     SROUP           (FAX)516 390     6          P. 002/030

# Westport Insurance Corporation

Return Completed David A. Ratner Associates, Inc.
Application to: 30 West Mount Pleasant Avenue
P.O. Box 468
Livingston, NJ 11932
Phone: (973) 994-4881
Fax: (973) 994-4882

## LAWYERS PROFESSIONAL LIABILITY INSURANCE RENEWAL APPLICATION
### Claims-Made Basis

ANY POLICY, IF ISSUED WITH A LIMIT OF LIABILITY OF $1,000,000 MAY AND A LIMIT OF LIABILITY ABOVE $1,000,000 WILL CONTAIN CERTAIN LEGAL DEFENSE COSTS OFFSET PROVISIONS FOR THE LIMIT OF LIABILITY AND DEDUCTIBLE:

1) UP TO 50% OF THE LIMIT LIABILITY MAY BE REDUCED BY CLAIM EXPENSES.
2) ONLY 50% OF THE POLICY DEDUCTIBLE AMOUNT WILL APPLY TO CLAIM EXPENSES.

1. Name of Applicant Firm: Davidoff, Malito & Hutcher, LLP
   Mailing Address:      605 Third Avenue
                         New York, NY 10158

Contact: Howard E. Druckman          Telephone: (212) 557-7200    Fax: (212) 286-1884
                                     e-mail: HED@DMLEGAL.com

Current Policy Information:

Policy#: NRL-004309-2     Limits: 3,000,000/3,000,000     Deductible: 50,000/50,000     Expiration Date: 11/01/05

2. Indicate the number of lawyers as of the renewal date in the right hand column for whom coverage is desired. The left hand column indicates the total number of lawyers from last year's application.

Please list all lawyers currently with the firm on the attached Lawyers Detail Addendum.   Any lawyer new to the firm since the last renewal must complete a New Lawyer Application.   If one has not previously been submitted to the Program Administrator in your state.

| | Last Year | Current Year |
|---|---|---|
| Lawyers - Including all Officers/Directors/Shareholders/Partners/Sole Proprietors and Employed Lawyers | 37 | 30 |
| Of Counsel Lawyers and Independent Contractors | 9 | 11 |
| Total Number of Lawyers to be Covered | 46 | 41 |

3. Review the percentage of areas of practice shown in the left hand column reflective of last year's application. Provide changes in the right hand column or indicate "No Change" in the box to the right.     No Change ☐
Failure to provide updated details will warrant "No Change".

| | Last Year | Current Year | | Last Year | Current Year | | Last Year | Current Year |
|---|---|---|---|---|---|---|---|---|
| Abstracting/Title | | | Criminal | 0 | .5 | Municipal (not bonds) | | |
| Ad Valorem Tax | | | Domestic Law & Family Relations | 1 | 0 | Oil and Gas* | | |
| Admiralty - Law | | | Entertainment* | | | Personal Injury-Plaintiff | | |
| Admiralty-Plaintiff | | | Environmental* | 0 | | Personal Injury-Defendant | | |
| Admiralty-Defendant | | | Estate Planning | 1 | 2 | Public Utilities | | |
| Antitrust/Trade Regulation | 0 | | Estate/Probate/Trust | 2 | 2 | Real Estate-Residential | 2 | 1.5 |
| Banking** | 0 | | ERISA | | | Real Estate-Commercial | 9 | 6.5 |
| Bankruptcy | 1 | 2 | Fin. Planning or Invest. Couns.* | | | Securities Law ⇒ Federal S.E.C.** | 1 | 1.5 |
| Bonds** | | | Foreclosure/Repossession | | | ⇒Federal Exemptions** | 0 | |
| Civil Rights | | | Health | 3 | 1.5 | ⇒State S.E.C.** | | |
| Collection* | 1 | 1 | Housing Court | | | ⇒Private Placements** | 1 | 1 |
| Comm. Litigation-Plaintiff | 12 | 16.5 | Immigration | | | Syndication** | | |
| Comm. Litigation-Defendant | 10 | 12 | Insurance Company - Defendant | | | Taxation-Individual | | |
| Communication (FCC) | | | International | | | Taxation-Corporate | 2 | 1 |
| Copyright/Patent/Trademark* | 1 | 1 | Juvenile Proceedings | | | Water Law | | |
| Corporate Administrative Law | 0 | | Labor-Management | 1 | 1 | Wills and Trusts | 0 | .5 |
| Corporate Formation | 1 | 2 | Labor-Union | | | Workers Comp-Plaintiff | | |
| Corporate General* | 1 | 2.5 | Limited Partnerships** | 0 | | Workers Comp-Defendant | | |
| Corporate Mergers&Acquisitions* | 1 | 1 | Mediation/Arbitration | 1 | 1 | Other see attached | 48 | 42 |

*Provide details on the Detail Information Addendum for any percentage listed for current year.
**Complete the appropriate supplemental application when any percentage is listed for current year:
Copyright/Patent/Trademark, Financial Institution or Securities

RATNER ASSOCIATES

OCT 1 1 2005

COR.OOP.1700 (12/98) NY          Copyright ©1998 Westport Insurance Corporation. All rights reserved.          Page 1 of 5

All rights reserved. The reproduction or utilization of this work in any form whether by any electronic, mechanical, or other means, now known or hereafter invented, including xerography, photocopying, and recording, and information storage and retrieval system is forbidden, unless otherwise noted, without the written permission of Westport Insurance Corporation.

OCT-10-2005(MON) 15:21     THE RAK     GROUP                (FAX)516 35   ,56        P. 003/030

Attachment #1

## Question #3.  ADDITIONAL TYPES OF PRACTICE

| | |
|---|---|
| Lobbying | 36.5 |
| Not For Profit | 1.5 |
| Landlord/Tenant | .5 |
| Industrial Revenue Bonds | 1.5 |
| Loans:  Commercial | 2.0 |
| | 42.0 |

DK:00115209.5

**RATNER ASSOCIATES**

1 1. 2005

OCT-10-2005(MON) 15:21   THE RAM   GROUP            (FAX)516 39   .56        P. 004/030

4.  a. State the total number of CLE course hours attended by all lawyers in the firm within the past year.   456.0
    b. How many lawyers have attended a Bar Sponsored Risk Management Seminar this past year?                   1
    c. Circle the number of scheduling/docket control/calendaring systems used by the firm.                     1  ② 3  4
    d. Is a computerized docket/scheduling/calendaring system used?                                             ☒ Yes ☐ No
    e. State the number of support staff in the firm.                                                            44
    f. How many suit for fees were initiated by the firm in the past 12 months?                                   3

5.  Has the firm changed procedures in its use of:
    a. engagement letters, including the scope of services and fee arrangements?        ☐ Yes ☒ No
    b. non-engagement/declination letters?                                             ☐ Yes ☒ No
    c. disengagement/closing letters?                                                  ☐ Yes ☒ No
    d. conflict of interest avoidance system?                                          ☐ Yes ☒ No

6.  Does the firm:
    a. have more than one office location?                                             ☒ Yes ☐ No
    b. share office space with any firm/lawyer not part of the Applicant firm?         ☒ Yes ☐ No
    c. share letterhead with any firm/lawyer not part of the Applicant firm?           ☐ Yes ☒ No

### Provide details on the Detail Information Addendum for any YES response to Question 5 or 6.

7.  In the past year, has the firm undergone a risk management audit performed by an independent auditing firm?
    If yes, date of audit: _____                                    ☐ Yes ☒ No

                                                                                        Yes   No
8.  Does any lawyer act as a director, officer or trustee for, or exercise any form of managerial or fiduciary control or
    hold any equity interest in any business enterprise other than the Applicant Firm, which is a client to the firm? If
    yes, complete the Director's & Officer's/Outside Interests Supplemental Application.          ☒    ☐

9.  Has any lawyer proposed for this insurance ever been denied the right to practice, suspended from practice,
    disbarred, reprimanded or had other disciplinary action taken against them by any court or administrative agency?
    If yes, please provide full details on the Detail Information Addendum.                        ☐    ☒

10. During the current policy year, have any claims or suits been made against the Applicant, its predecessor firms
    or any individual proposed for this insurance that have not previously been reported to the firm's insurance
    carrier?  If yes, please complete a Claim Information Supplement.                              ☐    ☒

11. Is the Applicant, its predecessor firms or any individual proposed for this insurance aware of any circumstance,
    act, error, omission or personal injury which might be expected to be the basis of a legal malpractice claim or
    suit that has not previously been reported to the firm's insurance carrier?  If yes, please complete a Claim
    Information Supplement.                                                                       ☐    ☒

12. Within the past five years, have there been any claims or changes in the status of claims reported to other
    insurance companies?  If yes, please complete a Claim Information Supplement or submit a copy of a claims
    information supplement with updated information.                                              ☐    ☒

Attach a copy of your current letterhead.  Any discrepancy between the names of the lawyers on the Lawyers Detail
Addendum and the lawyers printed on the letterhead must be clarified on the Detail Information Addendum.

The undersigned represents that the statements set forth herein are true, complete and accurate and that there has been no attempt
at suppression or misstatement of any material facts known, or which should be known, and agrees that this application and all
Supplemental Applications attached hereto shall become the basis of any coverage offered.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or
statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning
any material fact thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to
exceed five thousand dollars and the stated value of the claim for each such violation.

The execution of this application does not bind the undersigned to purchase any coverage offered, nor does the receipt and/or
review of this application bind the Company to offer coverage or issue a policy.

The undersigned understands and accepts that any policy issued will provide coverage on a claims-made basis.

Signature _____        Date  October 6, 2005
          Partner, Officer and/or Owner

## RATNER ASSOCIATES

OCT 1 1 2005

OCT-10-2005(MON) 15:21    THE RAMPART GROUP         (FAX)516 390 3556        P. 006/030

Other -        Provide complete details. If more than one practice area is indicated, provide percentages for each also:-

_____
_____

5a-c. Engagement, non-engagement and disengagement letters - Detail changes in procedures: _____

_____
_____
_____

5d.  Conflict of Interest Avoidance System - Detail changes in the system from last renewal or discuss the implementation of a new system: _____

_____
_____
_____

6a.  Other Office Locations - State number of other locations and a breakdown of staff, hours worked and purpose of each additional location: 200 Garden City Pl., Garden City, NY 11530; 14 attorneys; 10 support; M-F 9:30-5:30
150 State St., Albany, NY 12207; 1 Lobbyist, 3 support; 9:30-5:30; M-F
444 N. Capitol St., N.W., Washington, D.C. 20001; 2 Lobbyists; 9:30-5:30; M-F
744 Broad St., Fl.16, Newark, NJ 07102; 1 attorney - as he needs office
105 Maxess Rd., Melville, NY 11747; 1 attorney - no letterhead

6b.  Office Sharing - Include details of the office sharing relationship and whether professional liability insurance is carried by other lawyer(s)/firm(s): Newark, NJ & Melville, NY: we are tenants for desk space and conference rooms; primarily an accommodation for client meetings. Melville has 1 computer remotely connected to File Management system.

6c.  Letterhead Sharing - Include a description of the letterhead sharing relationship, reason for letterhead sharing and whether professional liability insurance coverage is carried by other lawyer(s)/firm(s): _____

                              Not Applicable

_____
_____

9.   Reprimand/Suspension/Disbarment/Revocation - include lawyer, dates, details and current disposition: _____

                              Not Applicable

_____
_____

**RATNER ASSOCIATES**

OCT 1 1 2005

COR.OOP.1700  (12/98) NY                                        PAGE 4 OF 5

## DETAIL INFORMATION ADDENDUM
### Renewal Application Supplemental Information

Name of Applicant: <u>Davidoff Malito & Hutcher LLP</u>      Policy Number <u>NRL-004309-2</u>

*Use this addendum to capture the detailed information requested in the Lawyers Professional Liability Insurance Renewal Application. Question numbers refer to the question numbers on the renewal application. This addendum is a part of the renewal application and will become a part of any policy issued. Any warranty or fraud statements on the signature page of the application are applicable to the information provided herein.*

**3.  Areas of Practice Details:**

Collection - Does the firm maintain compliance with the Fair Debt Collection Practices Act:
a) under federal statutes?  **XX** Yes ☐ No
b) under state statutes in any or all states where debt demand letters are sent?  **XX** Yes ☐ No

Corporate General - Provide complete details: <u>Formation of businesses, commercial contracts, shareholder negotiations. General corporate work for small and medium sized companies primarily privately held, including drafting and negotiation of shareholder agreements, operating agreements, etc.</u>

Corporate Mergers/Acquisitions - a) Provide a complete description: <u>Represent buyers and sellers in mergers, asset acquisitions and sock acquisitions involving small and medium sized privately held companies.</u>

b) Identify those which may be hostile or unfriendly: <u>None</u>

c) Are combined assets of any of the transactions over $25,000,000?  ☐ Yes  ☑ No  If yes, provide the names of the entities involved and total asset value:

Entertainment - a) Provide a complete description of services rendered:

b) Provide the names of clients and the industry they are involved in:

c) Is the firm involved in any money management activities for these clients?  ☐ Yes  ☐ No  If yes, provide details:

Environmental - Provide a complete description:

Financial Planning/Investment Counseling - a) Provide a complete description:

b) Is the firm involved in any money management activities?  ☐ Yes  ☐ No  If yes, provide details:

c) Does the firm recommend investing in specific securities?  ☐ Yes  ☐ No  If yes, provide details:

Oil & Gas - a) Provide a complete description:

b) Is any title work handled in conjunction with Oil & Gas?  ☐ Yes  ☐ No  If yes, provide details:

KATNER ASSOCIATES

OCT 1 1 2005

## LAWYERS DETAIL ADDENDUM

| Name | Designation | Date of Birth | Bar Admit Date | DMH Date of Hire | CLE Hours 2004 |
|---|---|---|---|---|---|
| Abraham, Michele (Litigation) | E | | 11/2003 | 08/09/04 | 6 |
| Chico, Jeffrey I. (General Practice) | P | | 1/1976 | 06/01/97 | 0 |
| Cohen, Avi (Corporate, Securities, Mergers & Acquisitions) | E | | 7/2002 | 03/23/05 | 0 |
| Cohen, David E. (Transactional) | E | | 3/1988 | 06/19/00 | 14 |
| Davidoff, Sid (Administration Law) | P | | 11/1963 | 10/76 | 5.5 |
| Denaro, Maria C. (Corporate, Commercial, Litigation) | E | | 07/1998 | 02/03/03 | 2.5 |
| Druckman, Howard E. (Administration Law) | P | | 1971 | 10/76 | 0 |
| Eisland, Evan (Litigation) | E | | 11/1988 | 11/06/00 | 2.5 |
| Grzibels, Benjamin (Health Care) | E | | 1/1975 | 09/08/98 | 8.5 |
| Geraghty, Mark (Litigation) | P | | 12/1961 | 12/05/95 | 31.5 2004/2005 |
| Goldstein, Arthur (Real Estate/Administration) | P | | 5/1987 | 10/30/89 | 0 |
| Goldstein, Gerald (Real Estate) | P | | 12/1966 | 11/01/82 | 20 |
| Graham, Warren R. (Bankruptcy, Creditors' Rights, Commercial Litigation) | P | | 01/1981 | 08/29/03 | 25 |
| Groeneveld, Maria (Corporate & Real Estate) | E | | 03/2000 | 07/06/04 | 35 |
| Hirschhorn, David R. (Real Estate) | IC | | 04/86 NY 06/99 CT | — NC | 5 |
| Hutcher, Larry (Trial Work/Corporate Law) | P | | 1/1975 | 06/73 | 8 |

RATNER ASSOCIATES

OCT 1 1 2005

00229942.WPD

| Name | Designation | Date of | Bar Admit Date | DMH Date of Hire | CLR Hours 2004 | Soc.Sec. No. |
|---|---|---|---|---|---|---|
| Kaufman, Neil (Corporate, Securities, Mergers & Acquisitions) | P | | 12/1997 | 10/01/04 9 | 9 | |
| Kiernan, John (Gov't. Relations, Municipal Law) | -R | | 4/1973 | 11/01/00 5 | 4 | |
| Kilduff, Patrick J. (Real Estate) | E | | 1996 | 09/15/95 8 | 16.5 | |
| Klein, Charles (Corporate) | OC | | 2/1978 | 09/03/91 6 | 0 | |
| Kohn, Ella (Litigation) | E | | 7/2000 | 05/24/04 1 | 25 | |
| Leighton, Jeffrey (Corporate, Mergers & Acquisitions) | P | | 5/1983 NY 1993 NJ | 04/01/04 8 | 24 | |
| Lustig, Ray (Real Estate & Corporate Transactions) | IC | | 6/1982 | 04/01/04 N 0 | 0 | |
| Malito, Robert I. (Lobbying) | P | | 2/1970 | 10/76 8 | 15.5 | |
| Malito, Stephen A. (Lobbying) | E | | 4/1997 | 11/08/99 6 | 0 | |
| Ofrenda, Ricardo E. (Non-Profit Law, Real Estate, Healthcare, Commercial Litigation, Gov't Relations) | OC | | 12/1990 | 02/01/03 2 | 9.5 | |
| Penn, John (Corporate, Securities, Mergers & Acquisitions) | E | | 12/1997 MD 9/2005 NY | 10/01/04 8 | 0 | |
| Perlmutter, Stuart (SEC/Mortgage Modification) | P | | 3/1970 | 11/01/86 8 | 3.5 | |
| Perrone, Jr., Frank L. (Litigation, Criminal Law, Constitutional Law) | E | 10/25/95 | 03/1997 | 02/01/03 2 | 18.5 | |
| Pizzuli, Jr., Vincent J. (Real Estate Devel., Land Use & Zoning) | OC | | 03/1983 | 02/03/03 2 | 25.5 | |
| Purdy, Ronald S. (Real Estate, Corporate, Litigation) | OC | | 12/1988 | 08/15/05 0 | 24 | |
| Piresani, Howard B. (Trusts & Estates) | P | | 1962 | 01/29/98 8 | 13 | |
| Ripin, Peter M. (Litigation) | P | | 9/1987 | 05/15/95 8 | 6.5 | |

New
OCT 1 1 2005
RATNER ASSOCIATES

| Name | Designation | Date of Birth | Bar Admit Date | DMH Date of Hire | CLE Hours 2004 | Soc.Sec. |
|---|---|---|---|---|---|---|
| Semick, Keith (Tax Lien Foreclosures & Municipal Government) | OC | | 5/1991 | 12/31/03 | 30 | |
| Sharaf, Cleo (Bankruptcy) | IC | | 5/1996 | | 0 | |
| Smoley, Lewis M. (Commercial Transactions and Litigation) | OC | | 06/1969 | 09/03/03 | 20 | |
| Spund, Mark B. (Litigation) | P | | 4/1975 | 02/21/89 | 13.5 | |
| Trabinski, Esther (Litigation) | IC | | 2/1990 | | 0 | |
| Warren, Rachel (Litigation) | P | | 1992 NJ 1/1993 NY | 09/28/92 | 6.5 | |
| Weiss, Howard S. (Administration Law) | P | | 02/1982 | 09/25/85 | 0 | |
| Zapson, Michael (Litigation, Real Estate, Trusts & Estates) | OC | | 02/1986 | 01/06/03 | 24 | |

| OC's & IC's | Weekly Hours on Behalf of Firm | ...der/Shareholder | His Own Cov... |
|---|---|---|---|
| Hirschhorn, David B. (IC) | As needed | No | Yes |
| Klein, Charles (OC) | 100% | No | No |
| Justig, Ray (IC) | As needed | Yes | No |
| Oquendo, Ricardo E. (OC) | 100% | No | No |
| Pizzulli, Jr., Vincent J. (OC) | 100% | No | No |
| Purdy, Ronald S. (OC) | 100% | No | No |
| Semick, Keith (OC) | 100% | No | No |
| Sharaf, Cleo (IC) | 100% | No | No |
| Smoley, Lewis M. (OC) | 100% | No | No |
| Trabinski, Esther (IC) | As needed | No | No |
| Zapson, Michael (OC) | 100% | Yes | No |

Seamster, Christopher: Employee; J.D. Degree; awaiting results of Bar Exam and then admission to the Bar.

RATNER ASSOCIATES

OCT 1 1 2005

**Deletions:**
Barakat, Tamara
Bronston, Jack E.
DuBoff, Michael
Goldstein, Sidney S.
Greenwald, Yvette
Kessler, Ellyn
Pokojny, Nancy
Reyes, Juan D.
Rubenstein, Keith

**Additions:**
Cohen, Avi
Purdy, Ronald S.

**PRIOR ACTS COVERAGE REQUESTED FOR:**
Jeffrey Leighton
Neil Kaufman
John Penn

There were no Mergers and no Dissolutions

**RATNER ASSOCIATES**

OCT 1 1 2005

Case 2:09-cv-01155-DRH-WDW   Document 1-10   Filed 03/20/09   Page 26 of 30 PageID #: 26

OCT-10-2005(MON) 15:21      THE RAN:      GROUP           (FAX)516 39    56        P. 007/030

# DAVIDOFF MALITO & HUTCHER LLP

**GARDEN CITY**
200 GARDEN CITY PLAZA
GARDEN CITY, N.Y. 11500
(516) 248-6400

**ATTORNEYS AT LAW**
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

(212) 557-7200
FAX (212) 286-1884
WWW.DMLEGAL.COM

**ALBANY**
150 STATE STREET
ALBANY, N.Y. 12207
(518) 465-8230

**NEW JERSEY**
744 BROAD STREET, FL. 36
NEWARK, N.J. 07102
(973) 705-0848

**WASHINGTON, D.C.**
444 NORTH CAPITOL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117

RATNER ASSOCIATES
OCT 1 1 2005

# LAWYERS DETAIL ADDENDUM

This Addendum MUST be completed in full, providing all information for each lawyer in the firm. Attach additional sheets if necessary. Lawyers having joined the firm in the past policy form must complete a New Lawyer Application if one has not previously been submitted to your Program/State Administrator.

Name of Applicant:

| Name of Lawyer State the full name of each lawyer | Age | Social Security Number | D/C* For OC/IC, complete additional information below | Date Admitted to Bar MM/YY | Date of Hire by Applicant MM/DD/YY | Number of Years Covered by Professional Liability Insurance | Total Number of CLE Hours Taken During Past Year |
|---|---|---|---|---|---|---|---|
| 1. SEE ATTACHED | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |
| 6. | | | | | | | |
| 7. | | | | | | | |
| 8. RATNER ASSOCIATES | | | | | | | |

"D/C" = Designated Codes:
O = Officer/Director/Shareholder
S = Sole Proprietor
RP = Retired Partner of Applicant

P = Partner
E = Employed Lawyer
OC= Of Counsel Lawyer

IC = Independent Contractor

OC/IC Additional Information Table

| Name of OC/IC | Average Number of Weekly Hours Spent On Behalf of the Applicant | Is this lawyer a prior partner, officer, director, shareholder or employee of the Applicant? Y/N | Does this lawyer carry his/her own individual professional liability coverage? Y/N |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

Detail any changes that have occurred within the firm from the last renewal, including designation changes, mergers, dissolution, additions/deletions to professional staff. If none, state "none."

OCT 1 1 2005

COR.DOP.1700 (12/98) NY                                              PAGE 5 OF 5

Case 2:09-cv-01155-DRH-WDW   Document 1-10   Filed 03/20/09   Page 28 of 30 PageID #: 28

OCT-10-2005(MON) 15:23   THE RAMI   GROUP        (FAX)516 39l   56        P. 017/030

# *Westport Insurance Corporation* | Application

## SUPPLEMENTAL APPLICATION PACKET

ANY POLICY, IF ISSUED WITH A LIMIT OF LIABILITY OF $1,000,000 MAY, AND A LIMIT OF LIABILITY ABOVE $1,000,000 WILL, CONTAIN CERTAIN LEGAL DEFENSE COSTS OFFSET PROVISIONS FOR THE LIMIT OF LIABILITY AND DEDUCTIBLE:

1) UP TO 50% OF THE LIMIT OF LIABILITY MAY BE REDUCED BY CLAIMS EXPENSES.
2) ONLY 50% OF THE POLICY DEDUCTIBLE AMOUNT WILL APPLY TO CLAIM EXPENSES.

This Packet contains four (4) supplemental applications for Directors & Officers/Outside Interests, Financial Institution, Copyright/Patent/Trademark and Securities practices. Based upon responses to questions on the Lawyers Professional Liability Insurance Application, complete the appropriate sections of this packet.

This addendum is a part of the application and will become a part of any policy issued. Any warranty or fraud statements on the signature page of the application are applicable to the information provided herein.

Applicant Instructions:

... Please read carefully all statements and questions for these supplemental applications.
... Answer all questions in ink. If answer is none, state "none."
... If space is insufficient to answer all questions fully, use separate sheets of paper.

### DIRECTORS & OFFICERS / OUTSIDE INTERESTS SUPPLEMENTAL APPLICATION SECTION

This supplement must be completed when any lawyer acts as a director, officer, partner or trustee for, exercises any form of managerial or fiduciary control over, owns, manages, has financial control over or equity interest in any business enterprise other than the Applicant Firm.

| Lawyer | Position Held | Name and Nature of Business | Equity Interest | Client | | D&O Insurance | | Non-Profit, Charitable or Civic Organization | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No | Yes | No |
| SEE ATTACHED | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | ___% | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

ATTACH ADDITIONAL SHEETS IF NECESSARY.

RATNER ASSOCIATES

OCT 1 1 2005

COR.COP.1703 (2/98) NY                                    PAGE 1 OF 6

Attachment #2

## Question #8:  Director, Officer & Trustee Information

| Attorney | Position Held | Name & Nature of Business: | Equity Interest | Client | D&O Insurance | Non-Profit, Charitable or Civic Org. |
|---|---|---|---|---|---|---|
| M. Geraghty | Director | Images Model Management | 0% | Yes | No | No |
| N. Kaufman | None | Consolidated Billing Solutions, Inc. (Internet Software) | 1% | Yes | No | No |
|  | Director & Secretary | Long Island Capital Alliance (Business Organization) | 0% | No | No | Yes |
| R. Lustig | Assistant Treasurer | Charity/Lodging Place (hotel) 501(C)(3) Soldiers Sailors Marines & Airman's Club | 0% | No | Yes | Yes |
| H. Presant | Vice President | Leonard Friedland Charitable Trust | 0% | Yes | No | No |
|  | Trustee | DTL Lowerre Charitable Trust | 0% | Yes | No | No |
|  | Trustee | Schwerin Family Trust | 0% | Yes | No | No |
|  | Trustee | Douglas T. Lowerre Trust | 0% | Yes | No | No |
|  | Trustee | Trust U/W Anita Presant | 0% | Yes | No | No |
|  | Director | Medical Matters/ The Medical Letter | 0% | Yes | No | Yes |
| L. Smoley | Director | Philharmonic Orchestra of New Jersey | 0% | Yes | Yes | Yes |
| M. Spund | Director | Young Israel of Oceanside | 0% | No | Yes | Yes |



RATNER ASSOCIATES
OCT 11 2005

| M. Zapson | Manager | 408 W. 48th Street LLC (Real Estate) | 50% | Yes | No | No |
| | Director | 448 W. 54th Street LLP (Real Estate) | 50% | Yes | No | No |
| | Manager | 449 W. 48th Street LLC (Real Estate) | 50% | Yes | No | No |
| | Manager | West Oceanside Road LLC (Real Estate) | 50% | Yes | No | No |

RATNER ASSOCIATES

OCT 1 1 2005

D3L00230063.6